IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2006 SEP 29 A 10: 37

| | | |
|---|---|---|
| SAINT-GOBAIN ABRASIVES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action Number: 1:06-CV-881-WKW |
| vs. | ) | |
| | ) | |
| DIAMOND PRODUCTS, INC., | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| Defendants | ) | |

# COMPLAINT

COMES NOW the Plaintiff, Saint-Gobain Abrasives, Inc., ("Saint-Gobain"), by and through its undersigned counsel of record, and for its cause of action against the Defendant, Diamond Products, Inc., ("Diamond Products), states as follows:

### PARTIES AND JURISDICTION

1. The Plaintiff, Saint-Gobain Abrasives, Inc., is a corporation incorporated in the Commonwealth of Massachusetts. The principal place of business of Saint-Gobain is Worcester, Massachusetts.

2. Diamond Products is a corporation incorporated in the State of Ohio with a principal place of business in Elryia, Ohio.

### VENUE AND JURISDICTION

3. Jurisdiction is proper before this Court pursuant to U.S.C. § 1331. Both of the parties are foreign corporations with complete diversity of citizenship and principal places of business.

1


SCANNED
KH 9/29/06

4.   Venue in this Court is proper because all of the acts or omissions complained of in the Plaintiff's Complaint occurred within the territorial jurisdiction of this Court.

## FACTS

5.   On or about August 29, 2003, Matthew Riley, an employee of Flavor House in Dothan, Alabama, was injured while using a core drill. Mr. Riley was injured when the drill bit allegedly stuck in the hole he was drilling and caused the drill to spin around, striking Mr. Riley on the face.

6.   The core drill was sold under the brand name of the Plaintiff, but Diamond Products was the manufacturer of the core drill that injured Mr. Riley. Diamond Products placed the core drill into the stream of commerce and the drill reached the end user, Flavor House, without substantial change in its condition. Diamond Products had a duty to manufacture the core drill in a manner that it would be reasonably safe to operate for its intended use.

7.   Mr. Riley filed suit for his injuries against Milwaukee Tool Corporation, the manufacturer of the motor on the core drill; Gast Manufacturing, Inc., the manufacturer of the vacuum; United Rentals, who rented the core drill to Flavor House; and Saint-Gobain Abrasives f/k/a Norton Company, which sold the core drill to United Rentals under its brand name (hereinafter referred to as the "underlying lawsuit").

8.   Saint-Gobain has incurred and continues to incur attorneys' fees and other expenses associated with the defense of the underlying lawsuit. Saint-Gobain has made a timely demand upon Diamond Products for indemnity and defense of the underlying lawsuit, but thus far Diamond Products has refused to honor this demand.

## COUNT I – ACTIVE/PASSIVE NEGLIGENCE

9. The Plaintiff reavers and alleges each and every allegation contained in paragraphs 1-8 as if set out herein.

10. Saint-Gobain alleges that any negligence in the manufacture, design or other defect in the core drill is attributable to Diamond Products. Saint-Gobain alleges that the negligence of Diamond Products in the manufacture, design or other defect in the core drill was active, whereas any negligence of Saint-Gobain was passive.

11. Saint-Gobain alleges that it has incurred substantial expense in defending the claims of Matthew Riley, whose injuries were caused in whole or in part by the active negligence of Diamond Products. Saint-Gobain alleges that under the theory of active-passive negligence the Defendant, Diamond Products, owes the Plaintiff, Saint-Gobain, indemnity and defense in the underlying lawsuit filed by Matthew Riley.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Saint-Gobain, demands judgment against the Defendant, Diamond Products, for active-passive negligence and requests damages including, but not limited to, compensatory damages, attorneys' fees, interest and any and all other damages which may be awarded by a struck jury and deemed proper by this Court.

## COUNT II – IMPLIED INDEMNITY

12. The Plaintiff reavers and alleges each and every allegation contained in paragraphs 1-11 as if set out herein.

13. Saint-Gobain alleges that the proximate cause of any injuries suffered by Matthew Riley in the underlying case was the negligence of Diamond Products in the manufacture or design of the subject core drill. Saint-Gobain alleges that because the negligence of Diamond

Products was the proximate cause of Matthew Riley's injuries, Saint-Gobain claims an implied contract of indemnity from Diamond Products for any and all sums it is or may be liable to Matthew Riley, either through contractual obligation, judgment of a Court of law or through reasonable settlement.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Saint-Gobain, demands judgment against the Defendant, Diamond Products, for implied contract of indemnity and requests damages including, but not limited to, compensatory damages, attorneys' fees, interest and any and all other damages which may be awarded by a struck jury and deemed proper by this Court.

## COUNT III – BREACH OF WARRANTY

14. The Plaintiff reavers and alleges each and every allegation contained in paragraphs 1-13 as if set out herein.

15. Saint-Gobain alleges that any negligence in the manufacture, design or other defect in the core drill is attributable to Diamond Products. Saint-Gobain alleges that the negligence of Diamond Products in the manufacture, design or other defect in the core drill was the proximate cause of Matthew Riley's injuries.

16. Diamond Products was the manufacturer of the core drill involved in the incident made the basis of the underlying litigation and Saint-Gobain was the buyer of that core drill from Diamond Products.

17. Saint-Gobain has given notice to Diamond Products of the pending litigation filed by Matthew Riley against Saint-Gobain, but Diamond Products has refused to provide defense and indemnity to Saint-Gobain in the underlying litigation. Saint-Gobain alleges that as the

buyer of the core drill it was owed certain warranties by Diamond Products. Saint-Gobain alleges that Diamond Products, in its refusal to indemnify and defend Saint-Gobain in the underlying litigation, has breached the warranties owed to Saint-Gobain as the buyer of the core drill.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Saint-Gobain, demands judgment against the Defendant, Diamond Products, for breach of warranty and requests damages including, but not limited to, compensatory damages, attorneys' fees, interest and any and all other damages which may be awarded by a struck jury and deemed proper by this Court.

> Robert H. Sprain, Jr. (ASB-4177-A38R)
> Kevin T. Shires, Esq. (ASB-4382-E64K)
> Attorney for Saint-Gobain Abrasives, Inc.

**OF COUNSEL:**
SPRAIN & SHIRES, P.C.
1707 29th Court South
Birmingham, Alabama 35209
(205) 802-7037
Email: ktshires@bellsouth.net

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure the Plaintiff demands a trial by a struck jury on all counts.

OF COUNSEL

Please serve the Defendant by Certified Mail at the following Address:
Karl H. Moller
Diamond Products, Inc.
333 Prospect Street
Elryia, Ohio 44035